IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:19-CR-63-JCB |
| vs. | § § § § | |
| MICHAEL O'BRIAN SCOTT (1) | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On April 2, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Interference with Commerce by Robbery, a Class C felony, Defendant Michael O'Brian Scott was sentenced on September 21, 2017 by United States District Judge Sidney A. Fitzwater. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 26 and a criminal history category of II, was 70 to 87 months. Defendant received a downward departure and was sentenced to 37 months of imprisonment followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include drug testing and treatment, mental health treatment, financial disclosure, a $100 special assessment, and $650 in restitution.

Defendant completed his term of imprisonment and started his term of supervised release on November 6, 2018. Defendant's conditions were modified on November 12, 2019 to include

1

a 180 placement in a residential reentry center. The case was transferred to the Eastern District of Texas and assigned to United States District Judge J. Campbell Barker on November 19, 2019.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on December 19, 2019, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 1): The defendant shall not commit another federal, state, or local crime.** It is alleged that on July 21, 2019, Defendant was arrested by the Kilgore Police Department for reportedly committing the offenses of Driving While License Invalid, a Class C Misdemeanor, and Use or Possession of Illegal Smoking Material, a violation of city ordinance section 8.08.004.

2. **Allegation 2 (mandatory condition 3)**: **The defendant shall refrain from unlawful use of a controlled substance and shall submit to one drug test within 15 days of release from imprisonment, and at least 2 periodic drug tests thereafter, as determined by the court**. It is alleged that Defendant admitted to using synthetic marijuana on or about July 21, 2019, and on or about December 2, 2019.

3. **Allegation 3 (standard condition 4): The defendant must answer truthfully the questions asked by the probation officer**. It is alleged that Defendant was untruthful on July 23, 2019 when questioned by the probation officer about his police contact on July 21, 2019. It is also alleged that Defendant was untruthful with the probation officer on September 16, 2019 about his law enforcement contact on September 6, 2019.

4. **Allegation 4 (standard condition 9): If arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.** It is alleged that Defendant failed to report his contact with law enforcement that occurred on September 6, 2019 within 72 hours.

5. **Allegation 5 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately, and must abide by the rules and regulations of the center.** It is alleged that Defendant was unsuccessfully discharged from County Rehabilitation Center on December 4, 2019 after he failed to abide by the rules.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was II. The guidelines provide that Defendant's guideline range for a Grade C violation is 4 to 10 months of imprisonment.

*Hearing*

On April 2, 2020, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of 5 months of imprisonment to be followed by 1 year of supervised release. After the Court

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment to be followed by 1 year of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment to be followed by 1 year of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's

supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment to be followed by 1 year of supervised release.

So ORDERED and SIGNED this 2nd day of April, 2020.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE