IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| § | CASE NUMBER 6:19-CR-00063-JCB-JDL |
| v. § | |
| § | |
| § | |
| MICHAEL O'BRIAN SCOTT, § | |
| § | |

## REPORT & RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On August 13, 2020, the Court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Michael O'Brian Scott. The government was represented by Jim Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Ken Hawk, Federal Public Defender.

Defendant originally pled guilty to the offense of Interference with Commerce by Robbery, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range based on total offense level of 26 and criminal history category of II, was 70 to 87 months. On September 21, 2017, District Judge Sidney A. Fitzwater sentenced Defendant to 37 months imprisonment followed by 3 years of supervised release, subject to the standard conditions of release, plus special conditions to include drug testing and treatment, mental health treatment, financial disclosure, a $100 special assessment, and $650 restitution. On November 6, 2018, Defendant completed the term of imprisonment and began his term of supervised release. The original term of supervised release was revoked on April 9, 2020, after Defendant admitted to using synthetic marijuana. Defendant was sentenced to time served followed by a one-year term of supervised release.

Under the terms of supervised release, Defendant was required to refrain from any unlawful use of a controlled substance. In its petition, the government alleges that Defendant violated his conditions of supervised release by possessing methamphetamine or about April 13, May 4, and June 22, 2020, based on lab results. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the Court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamine, Defendant will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon finding of a Grade B violation, the Court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of II, the Guideline imprisonment range for a Grade B violation is 6 to 12 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the conditions of supervision referenced above by possession of methamphetamine as alleged in the government's petition. In exchange, the government recommended to the Court a sentence of 10 months imprisonment, with no supervised release to follow.

The Court therefore **RECOMMENDS** that Defendant Michael O'Brian Scott's plea of true be accepted and he be sentenced to 10 months imprisonment, with no supervised release to follow. The Court further **RECOMMENDS** that Defendant serve his sentence at FCI Fort Worth, or if unavailable, at FCI Seagoville. The Court also **RECOMMENDS** that the Defendant receive substance abuse treatment to the extent available during his imprisonment. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 13th day of August, 2020.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE